UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANGELO CARZOGLIO,

                Plaintiff,

-against-

STANLEY KLIMEK; JAMES MCMAHON;
KEVIN KREBS; PRISCILLA JONES; and
MATTHEW W. HURD,

                Defendants.

24-CV-2654 (LTS)

PARTIAL DISMISSAL AND
TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is currently incarcerated at Wende Correctional Facility, located in Erie County, New York, brings this *pro se* action under the Freedom of Information Act ("FOIA"). On May 17, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the following reasons, the Court (1) dismisses the claims brought against Stanley Klimek and James McMahon, and (2) transfers the claims brought against Kevin Krebs, Priscilla Jones, and Matthew W. Hurd to the United States District Court for the District of Columbia.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest

[claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

This action concerns Plaintiff's attempts to access material collected during an investigation of Anthony Marraccini, the former Chief of Police in Harrison, New York, who was convicted of tax evasion in a criminal matter in this court, before Judge Kenneth M. Karas. *See United States v. Marraccini*, ECF 7:19-CR-0042, 17 (S.D.N.Y. June 10, 2019). The following facts are taken from the complaint and attached documents.

In a letter dated July 14, 2022, Plaintiff filed a FOIA request with the former Clerk of Court for the Southern District of New York, Ruby J. Krajick, who forwarded the request to Defendant Stanley Klimek, a clerk in the Records Management department of this courthouse. The FOIA request asked for "copies of . . . 19cr42-Marraccini, any or all surveillance logs during the investigation of 2014, from beginning to date of arrest, the names of the agents involved in the surveillance and investigation against former Police Chief[,] Anthony Marraccini, the arrest report written by the arresting agent."[1] (ECF 1, at 10.) Plaintiff explained in his FOIA request that he sought such material because "Anthony Marraccini[] was the Chief of the Harrison Police Department on 2014 . . . [and] was in charge of an investigation [in] my accused case: People v. Carzoglio[.]" (*Id.* at 11.) In a letter dated July 19, 2022, Klimek informed Plaintiff that "files maintained by Record[s] Management are available to the public . . . [and] it has no access to, nor storage of, sensitive documents, including surveillance logs, names of agents, nor arrest reports." (*Id.* at 12.) Klimek attached a docket sheet from Marraccini's criminal case, which

---

[1] The following quotes are taken from the complaint verbatim. All spelling, punctuation, and grammar are as in the original, unless noted otherwise.

listed Defendant McMahon as the Assistant United States Attorney ("AUSA") who prosecuted Marraccini in this District.

In a letter dated August 16, 2022, and addressed to AUSA McMahon, Plaintiff requested the same investigation material regarding Marraccini. In response to this request, Defendant Kevin Krebs, of the United States Department of Justice's ("DOJ") Executive Office for United States Attorneys ("EOUSA") informed Plaintiff in a letter dated August 29, 2022, that his FOIA request was received. The letter notified Plaintiff that, because he sought information regarding a third party, EOUSA was "not required to conduct a search for the requested records." (*Id.* at 24.) Krebs provided Plaintiff with information regarding how to appeal the EOUSA's final action on his FOIA request.

In a letter dated November 3, 2022, Plaintiff appealed the August 16, 2022 final action by EOUSA. Defendant Priscilla Jones, of DOJ's Office of Information Policy, notified Plaintiff that his appeal had been accepted, and in a letter dated February 10, 2023, Defendant Matthew Hurd informed Plaintiff that his appeal was denied. The letter also informed Plaintiff that he could file a lawsuit in federal court.

On April 4, 2024, the Court received the complaint, which is dated March 31, 2024.

## DISCUSSION

### A.     Claims Against McMahon and Klimek

A proper defendant in a FOIA action is the federal agency responsible for the retention of the requested documents. *See Main St. Legal Servs., Inc. v. Nat'l Sec. Council*, 811 F.3d 542, 546 (2d Cir. 2016) ("[T]he FOIA applies only to federal agencies."); *see also* 5 U.S.C.§ 552(a)(4)(B) ("On complaint, the district court . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the

3

complainant."). The statute expressly exempts "the courts of the United States" from the definition of "agency." 5 U.S.C. § 551(1)(B).

Plaintiff brings this action against AUSA McMahon and Klimek, an employee of this court. These two defendants cannot be sued under FOIA because they are both individuals and, as to Klimek, because he is an employee of "the courts of the United States," which cannot be sued in a FOIA action. Accordingly, the Court dismisses the FOIA claims as brought against these two individuals for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

B.      **Claims Against Krebs, Jones, and Ward**

Although Plaintiff cannot assert his FOIA claims against Krebs, Jones, and Ward, because those claims are brought against individuals, the Court declines to dismiss the claims against these defendants. The Court leaves to the transferee court the decision as to how to address the claims brought against these defendants and whether they may be construed as brought against a federal agency.

C.      **Transfer of Claims against Krebs, Jones and Ward**

A claim under FOIA may be brought "in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552(a)(4)(B). For venue purposes, an individual resides in the district where the person is "domiciled." 28 U.S.C. § 1391(c)(1). Where an individual is incarcerated, there is a rebuttable presumption that the individual retains his preincarceration domicile. *See Housand v. Heiman*, 594 F.2d 923, 926 n.2 (2d Cir. 1979) ("While some courts have held that a prisoner may not claim newly acquired citizenship in the state in which he is imprisoned, [citations omitted], the more recent trend seems to be in the direction of allowing a prisoner to

4

try to show that he has satisfied the prerequisites for establishing domicile in his place of incarceration.").

The Court concludes that venue for Plaintiff's FOIA claims is proper in the District of Columbia for three reasons. First, EOUSA, which is located in Washington D.C., rendered the final agency decision concluding that FOIA did not require a search of the records that Plaintiff sought in his request. Second, the District of Columbia is a proper venue for any FOIA action. Third, it is unclear where Plaintiff resides for the purposes of venue. His criminal records suggest that, prior to his incarceration, he may have resided in a county within New York; the Court, however, cannot confirm this assumption at this stage. Moreover, it is unclear whether Plaintiff now resides in Erie County, where he is incarcerated. *See Housand*, 594 F.2d at 926 n.2 (noting that incarcerated individuals may establish their domicile in the place of incarceration). Thus, the Court cannot determine where Plaintiff resides for the purposes of venue.

The Court therefore transfers, "in the interest of justice," Plaintiff's FOIA claims brought against Defendants Krebs, Jones, and Ward to the United States District Court for the District of Columbia. 28 U.S.C. § 1404(a) (providing that, even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice," *id.*); *see* 5 U.S.C. § 552(a)(4)(B).

## CONCLUSION

The Court dismisses the FOIA claims as brought against Stanley Klimek and James McMahon for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court transfers, in the interest of justice, the FOIA claims brought against Kevin Krebs, Priscilla Jones, and Matthew H. Ward to the United States District Court for the District of Columbia. 28 U.S.C. § 1404(a); *see* 5 U.S.C. § 552(a)(4)(B).

The Court directs the Clerk of Court to terminate Plaintiff's applications for the court to request pro bono counsel. (*See* ECF 4, 6.)

A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 8, 2024
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge