UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANGELO CARZOGLIO, *Plaintiff*, v. EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, *Defendant*. | Civil Action No. 24-2080 (SLS) Judge Sparkle L. Sooknanan |

## MEMORANDUM OPINION

Angelo Carzoglio is an inmate at Wende Correctional Facility in New York. Mr. Carzoglio submitted a Freedom of Information Act (FOIA) request to the Executive Office for United States Attorneys (EOUSA) seeking records related to a federal criminal prosecution of Anthony Marraccini, the former Chief of Police in Harrison, New York. Mr. Carzoglio alleges that Mr. Marraccini oversaw the investigation that resulted in Mr. Carzoglio's conviction. He believes that the requested records may reveal evidence of wrongdoing by Mr. Marraccini that he can use to challenge his own conviction. EOUSA denied Mr. Carzoglio's request, asserting FOIA exemptions designed to protect nonpublic law enforcement records and prevent unwarranted invasions of personal privacy. Mr. Carzoglio brought this lawsuit to challenge EOUSA's denial. EOUSA now moves for summary judgment. The Court agrees and grants EOUSA's motion.

## BACKGROUND

### A. Statutory Background

FOIA "implement[s] a general philosophy of full agency disclosure." *DOJ v. Reps. Comm. for Freedom of Press*, 489 U.S. 749, 754 (1989) (cleaned up). The statute "requires every federal

agency, upon request, to make 'promptly available to any person' any 'records' so long as the request 'reasonably describes such records.'" *Assassination Archives & Rsch. Ctr. v. CIA*, 334 F.3d 55, 57 (D.C. Cir. 2003) (quoting 5 U.S.C. § 552(a)(3)). Agencies must construe FOIA requests liberally and can only withhold or redact documents if the information requested "falls within one of nine statutory exemptions." *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health* (*PETA*), 745 F.3d 535, 540 (D.C. Cir. 2014) (citing 5 U.S.C. § 552(b)(1)–(9)). These exemptions demonstrate that the public's right to information is "not absolute and that disclosure of certain information 'may harm legitimate governmental or private interests.'" *Martin v. DOJ*, 488 F.3d 446, 453 (D.C. Cir. 2007) (quoting *Summers v. DOJ*, 140 F.3d 1077, 1080 (D.C. Cir. 1998)). The agency bears the burden of establishing that an exemption applies and ordinarily "must disclose all reasonably segregable, nonexempt portions of the requested records." *PETA*, 745 F.3d at 540 (cleaned up).

## B. Factual Background

On August 16, 2022, Mr. Carzoglio submitted a FOIA request to the U.S. Attorney's Office in White Plains, New York, for various documents concerning "U.S.A. v. Marraccini, 7:19-cr-00042-KMK-1." Cain Decl., Ex. A (FOIA Request) at 1, ECF No. 23-4. The requested documents included: (1) "all surveillance logs"; (2) "date[s] and times, when the investigation originally started, from beginning to date of arrest"; (3) "the names of [the] agent involved in the surveillance and investigation against former Harrison Police Chief, Anthony Marraccini"; and (4) "the arrest report written by the arresting agent." *Id.* Mr. Carzoglio's request stated that Mr. Marraccini had been "in charge of an investigation" targeting Mr. Carzoglio and that Mr. Marraccini had ordered officers under his command to engage in "malicious, illegal usage of electronic surveillance," in violation of the Fourth Amendment of the United States Constitution. *Id.*

On August 29, 2022, EOUSA denied Mr. Carzoglio's request in its entirety. EOUSA's denial letter stated that Mr. Carzoglio had "requested records concerning a third party" and that "[t]o the extent that non-public responsive records exist," disclosure of those records "could reasonably be expected to constitute an unwarranted invasion of personal privacy," unless Mr. Carzoglio could provide "written authorization and consent of the third party for release of the records," or evidence of "proof of death" or "an overriding public interest." Cain Decl., Ex. B at 1 (citing 5 U.S.C. § 552(b)(6)–(7)(C)), ECF No. 23-5. The letter further explained that "[b]ecause any non-public records responsive to [Mr. Carzoglio's] request would be categorically exempt from disclosure" under FOIA Exemptions 6 and 7(C), EOUSA was "not required to conduct a search for the requested records." *Id.* Mr. Carzoglio appealed EOUSA's denial, but his appeal was denied. Cain Decl. ¶ 8, ECF No. 23-3; Cain. Decl., Ex. C, ECF No. 23-6; *see also* Compl., Ex. G (Letter of Appeal), ECF No. 1.

### C. Procedural Background

Mr. Carzoglio filed this lawsuit on April 4, 2024, seeking a court order requiring EOUSA to release the records he requested. Compl. 5. On July 15, 2025, EOUSA moved for summary judgment. Def.'s Mot. Summ. J., ECF No. 23. That motion is now ripe for review. *See* Pl.'s Opp'n, ECF No. 27; Def.'s Reply, ECF No. 28; Pl.'s Surreply, ECF No. 29.

## LEGAL STANDARD

"Federal Rule of Civil Procedure 56 requires a court to grant summary judgment 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law[.]'" *Pol'y & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*, 313 F. Supp. 3d 62, 74 (D.D.C. 2018) (quoting Fed. R. Civ. P. 56(a)). In a FOIA lawsuit, an agency is entitled to summary judgment if it establishes that "no material facts are in dispute" and that all information subject to a request has either "been produced or is wholly exempt from the Act's

3

inspection requirements." *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 833 (D.C. Cir. 2001) (cleaned up).

## DISCUSSION

EOUSA argues that it properly denied Mr. Carzoglio's request because all the records Mr. Carzoglio seeks are "categorically exempt from disclosure under FOIA Exemptions 6 and 7(C)." Def.'s Mem. Supp. Mot. Summ. J. (Mot.) at 1, ECF No. 23-1. The Court agrees.[1]

FOIA Exemptions 6 and 7(C) both "seek to protect the privacy of individuals identified in certain agency records." *ACLU v. DOJ*, 655 F.3d 1, 6 (D.C. Cir. 2011). Exemption 6 permits an agency to withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Exemption 7(C) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy[.]" 5 U.S.C. § 552(b)(7)(C).

Because Exemption 7(C) permits the withholding of records "if disclosure would constitute an 'unwarranted' invasion of personal privacy, while Exemption 6 requires a '*clearly* unwarranted' invasion to justify nondisclosure, Exemption 7(C) is more protective of privacy than Exemption 6 and thus establishes a lower bar for withholding material." *ACLU*, 655 F.3d at 6 (cleaned up). For that reason, when an agency claims that records may be withheld under both exemptions, a court "need only consider whether [the agency] properly invoked Exemption 7(C)." *Id.*; *see also Reps. Comm.*, 489 U.S. at 756 (noting that "7(C)'s privacy language is broader than the comparable language in Exemption 6 in two respects": (1) it does not require an invasion of privacy to be

---

[1] At various points in his Opposition brief, Mr. Carzoglio references FOIA Exemptions 7(A), 7(D), and 7(E). *See* Opp'n at 6–7, ECF No. 27. Because EOUSA has not relied on those exemptions, the Court does not address their applicability.

4

"clearly" unwarranted, just "unwarranted"; and (2) it "encompasses any disclosure that 'could *reasonably be expected* to constitute' such an invasion" (emphasis added)).

To invoke Exemption 7(C), an agency must make a "threshold showing" that the records at issue "were compiled for law enforcement purposes." *Boyd v. EOUSA*, 87 F. Supp. 3d 58, 72 (D.D.C. 2015). Here, there is no dispute that the records withheld by EOUSA fit that bill, as Mr. Carzoglio's request is for dates, times, logs, agent names, and other information expressly related to the "the surveillance[,] . . . investigation," and subsequent prosecution of Mr. Marraccini. FOIA Request at 1.

With that threshold met, the Court's analysis of whether EOUSA has properly invoked Exemption 7(C) proceeds in two parts. First, the Court considers any privacy interests articulated by EOUSA "that would be invaded by disclosure." *Id.* Second, it balances those interests against any "countervailing public interest in disclosure" asserted by Mr. Carzoglio. *Id.* at 72–73. Through that balancing, the Court determines whether release of the records in question would constitute "an unwarranted invasion of personal privacy." *Citizens for Resp. & Ethics in Washington v. DOJ*, 854 F.3d 675, 681 (D.C. Cir. 2017). Here, the Court finds that disclosure would constitute such an invasion and that EOUSA properly invoked Exemption 7(C).

A. **Privacy Interest**

The privacy interests at stake under Exemption 7(C) belong to the individuals implicated in the records, "not to the government agency." *Shapiro v. DOJ*, 34 F. Supp. 3d 89, 95 (D.D.C. 2014) (citing *Reps. Comm.*, 489 U.S. at 763–65). The exemption "recognizes the stigma potentially associated with law enforcement investigations." *Bast v. DOJ*, 665 F.2d 1251, 1254 (D.C. Cir. 1981). And consistent with this recognition, the D.C. Circuit has repeatedly affirmed that Exemption 7(C) protects the privacy interests of any "persons involved in law enforcement

5

investigations," including "investigators, suspects, witnesses, and informants." *Schrecker v. DOJ*, 349 F.3d 657, 661, 666 (D.C. Cir. 2003) (collecting cases).

EOUSA asserts that disclosure of the records requested by Mr. Carzoglio could invade the privacy interests of various individuals. *See* Cain Decl. ¶ 13–15. Mr. Marraccini, as the target of the investigation, could be subject to "harassment, harm, embarrassment and potential irreparable harm to his reputation and career." *Id.* ¶ 15 The government personnel involved in the investigation, by being publicly identified, could similarly be subject to "harassment both in the conduct of their official duties and their private lives." *Id.* And any other individuals associated with the investigation—including other "targets, suspects, or witnesses" could be "unfairly associated publicly with alleged criminal activity." *Id.* ¶ 13. These are precisely the type of legitimate and substantial privacy interests that Exemption 7(C) is intended to protect.

### B.   Public Interest in Disclosure

Having found legitimate privacy interests implicated by disclosure, the burden shifts to Mr. Carzoglio to demonstrate a "significant" public interest in disclosure that outweighs those privacy interests. *Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 172 (2004). Mr. Carzoglio fails to carry that burden.

To demonstrate an overriding public interest in disclosure, a plaintiff must show that the withheld information is necessary to "shed . . . light" on the conduct of a "Government agency or official." *Reps. Comm.*, 489 U.S. at 773; *see also Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976) ("the basic purpose of [FOIA] [is] to open agency action to the light of public scrutiny" (cleaned up)). "[T]he public interest sought to be advanced" must be "a significant one," and the information requested must be "likely to advance that interest." *Favish*, 541 U.S. at 172. Where the requestor claims that disclosure will expose official misconduct, they must "assert 'more than

6

a bare suspicion'" of such misconduct and "must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred." *Lewis v. DOJ*, 609 F. Supp. 2d 80, 84 (D.D.C. 2009) (quoting *Favish*, 541 U.S. at 174). "Unsubstantiated assertions of government wrongdoing . . . do not establish a meaningful evidentiary showing." *Boyd v. Crim. Div. of U.S. DOJ*, 475 F.3d 381, 388 (D.C. Cir. 2007) (cleaned up). Where the requestor fails to make such a showing, there is no "counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records," and thus the "challenge to the government's invocation of Exemption 7(C) fails." *Id.* (cleaned up).

Here, Mr. Carzoglio has not carried his burden of demonstrating a significant interest in disclosure that outweighs the privacy interests at stake. In a nutshell, Mr. Carzoglio argues that disclosure of the requested records will help him demonstrate that he was "falsely convicted" by showing that Mr. Marraccini was engaged in misconduct while he was overseeing Mr. Carzoglio's investigation. *See* Opp'n at 4; FOIA Request at 1. On that basis, he contends that EOUSA's refusal to produce the records is a violation of the "Innocence Protection Act" and the Government's criminal discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). Opp'n at 5.

But Mr. Carzoglio's ability to challenge his conviction, though understandably important to him, is generally not considered a cognizable "public interest" under FOIA. *See Willis v. DOJ*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008) ("[I]t is well established that an individual's personal interest in challenging his criminal conviction is not a public interest under FOIA because it 'reveals little or nothing about an agency's own conduct.'" (quoting *Reps. Comm.*, 489 U.S. at 773)). Nor is FOIA meant to be "a substitute for discovery in criminal cases or in habeas proceedings." *Roth v. DOJ*, 642 F.3d 1161, 1177 (D.C. Cir. 2011).

Mr. Carzoglio is not wrong that under certain circumstances, alleged government misconduct related to criminal prosecutions can have such grave consequences that it becomes a matter of public interest. In *Roth*, for example, the D.C. Circuit found that the public had a substantial interest in "knowing whether the FBI [was] withholding information that could help exonerate a potentially innocent death-row inmate." 642 F.3d at 1178. But those were very different circumstances than what is presented here.

Mr. Carzoglio does not claim to be on death row. Nor has he produced evidence supporting a reasonable belief that Mr. Marraccini or any other government personnel engaged in misconduct that had any effect on Mr. Carzoglio's conviction. Instead, he makes largely conclusory assertions about Mr. Marraccini ordering officers under his supervision to engage in unlawful surveillance. FOIA Request at 2. And he fails to explain how the records related to the investigation of Mr. Marraccini will shed any light on the investigation that targeted him. Indeed, the materials Mr. Carzoglio has submitted regarding the case against Mr. Marraccini indicate that the investigation of Mr. Marraccini involved criminal tax evasion and had nothing to do with the sort of misconduct that Mr. Carzoglio alleges affected his own criminal case. *See* Pls.' Surreply, Exs. A, B (Information and Docket from *United States v. Marraccini*, No. 7:19-cr-42 (S.D.N.Y)), ECF No. 29; *see also* Opp'n at 2 (noting that request is for "records concerning an investigation by I.R.S. Special Agent").

At bottom, the Court does not question that Mr. Carzoglio has an "intense personal interest in obtaining whatever information might bolster . . . his collateral attacks on his conviction." *Roth*, 642 F.3d at 1177. But under governing precedent, his "personal stake in the release of the requested information is 'irrelevant' to the balancing of public and third-party privacy interests required by Exemption 7(C)." *Id.* (quoting *Mays v. DEA*, 234 F.3d 1324, 1327 (D.C. Cir. 2000)). And the

8

Court discerns no public interest in disclosing the records Mr. Carzoglio has requested that outweighs the privacy interests of the individuals referenced in those records. Accordingly, EOUSA was justified in invoking Exemption 7(C) to deny Mr. Carzoglio's FOIA request. *Beck v. DOJ*, 997 F.2d 1489, 1494 (D.C. Cir. 1993) ("[W]here we find that the request implicates no public interest at all, we need not linger over the balance; something . . . outweighs nothing every time." (cleaned up)).

Mr. Carzoglio's various efforts to avoid this conclusion are unavailing. First, his reliance on the Innocence Protection Act is misplaced. The statutory section he cites, 18 U.S.C. § 3600, allows a court to "order DNA testing" under certain circumstances where a convicted individual may be able to use such testing to prove their innocence. DNA testing is not at issue here.

Second, his assertion that Mr. Marraccini, as a former public official, has a reduced expectation of privacy in records related to his official conduct may be true, but it is not dispositive. "It is well established . . . that government officials do not surrender all rights to personal privacy when they accept a public appointment." *Bast*, 665 F.2d at 1254–55. "While an individual's official position may enter the 7(C) balance, it does not determine, of its own accord, that the privacy interest is outweighed." *Id.* (citation omitted). Mr. Marraccini is also not the only individual referenced in the records requested.

Finally, EOUSA's categorical denial of Mr. Carzoglio's request was appropriate. The Supreme Court has held that "categorical decisions may be appropriate and individual circumstances disregarded when a case fits into a genus in which the balance characteristically tips in one direction." *Reps. Comm.*, 489 U.S. at 776. In *Reporters Committee*, the Court applied this reasoning to hold that "a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy." *Id.* at 780. Here,

Mr. Carzoglio has made exactly such a request, seeking law enforcement records specifically related to Mr. Marraccini. As explained above, the privacy invasion that would flow from fulfilling any portion of that request is not warranted by any overriding public interest.

\*     \*     \*

In sum, EOUSA has established legitimate and substantial privacy interests and Mr. Carzoglio has failed to demonstrate a significant public interest in disclosure that outweighs those privacy interests. Accordingly, summary judgment is warranted.[2]

## CONCLUSION

For all these reasons, the Court grants the Defendant's Motion for Summary Judgment, ECF No. 23.

A separate order will issue.

 

_____
SPARKLE L. SOOKNANAN
United States District Judge

Date:   February 4, 2026

---

[2] Because EOUSA appropriately invoked Exemption 7(C) to categorically deny Mr. Carzoglio's request, the Court need not address EOUSA's alternative argument that Mr. Carzoglio's request for certain names and dates was improper. Mem. Supp. Mot. Summ. J. at 14, ECF No. 23-1.